IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TED TAYLOR                                                                                    PLAINTIFF

v.                                                            CIVIL ACTION NO. 1:26-CV-8-SA-DAS

MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, *et al.*                        DEFENDANTS

ORDER

On January 16, 2026, Ted Taylor, who is proceeding *pro se*, filed his Complaint [1] against

the Mississippi Department of Human Services ("MDHS"), Young Williams Contractor, the

Forrest County Chancery Court, the Lamar County Chancery Court, the Oktibbeha County

Chancery Court, and "Unknown Judges, Directors, and Caseworkers, in their official and

individual capacities." [1] at p. 1.

Taylor's Complaint [1] invokes 42 U.S.C. § 1983 and asserts that his due process rights

were violated. The *entirety* of the "Factual Background" section of the Complaint [1] provides:

1. Plaintiff has been subjected to multiple child support orders in Forrest, Lamar, and Oktibbeha Counties.

2. Plaintiff was never properly served or notified of hearings in any of these cases.

3. Orders were entered without Plaintiff's participation, violating due process.

4. Enforcement actions—including a passport denial—were taken without proper notice.

5. Plaintiff sought relief in Forrest County, but the Court denied it, stating it could not modify enforcement due to "federal law," ignoring state-level due process deficiencies.

6. These actions collectively violate the Fourteenth Amendment.

[1] at p. 2.

Along with his Complaint [1], Taylor filed a Motion to Proceed *In Forma Pauperis* [2]. On February 2, 2026, Magistrate Judge Sanders entered a Report and Recommendation [4], wherein he recommended that the Motion [2] be denied and the case be dismissed for lack of subject matter jurisdiction based upon the *Rooker-Feldman* doctrine.

Taylor filed an Objection [5]. In the Objection [5], Taylor argues as follows:

> Plaintiff is not asking this Court to review, reverse, or modify any state court judgment. Plaintiff instead brings independent federal claims under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment Due Process Clause arising from ongoing child support enforcement actions carried out without constitutionally required notice and opportunity to be heard.
>
> The injury alleged by Plaintiff does not arise from the mere existence of state court orders, but from continuing enforcement actions undertaken by state actors despite the absence of proper service and due process.

[5] at p. 1-2.

The Court is unpersuaded. Magistrate Judge Sanders, in the Report and Recommendation [4], aptly articulated the *Rooker-Feldman* doctrine and its application to the facts of this case as presently alleged. However, the Court, recognizing Taylor's *pro se* status and his request for an opportunity to amend, will provide him *one* opportunity to revise his allegations to adequately state a claim.

Taylor is hereby ORDERED to file an amended complaint within 21 days of today's date. In doing so, he should address the inadequacies articulated in the Report and Recommendation [4]. Should Taylor fail to file an amended complaint within 21 days or should he file an amended complaint that does not address the shortcomings addressed in the Report and Recommendation [4], the Court will deny the Motion to Proceed *In Forma Pauperis* [2] and dismiss this case without further notice.

In light of this ruling, the Report and Recommendation [4] need not remain pending on the docket and is hereby TERMINATED.

SO ORDERED this the 16th day of March, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE