IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TED TAYLOR                                                                           PLAINTIFF

v.                                                                CIVIL ACTION NO. 1:26-CV-8-SA-DAS

MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, *et al.*                    DEFENDANTS

ORDER OF DISMISSAL

On January 16, 2026, Ted Taylor, who is proceeding *pro se*, filed his Complaint [1] against the Mississippi Department of Human Services ("MDHS"), Young Williams Contractor, the Forrest County Chancery Court, the Lamar County Chancery Court, the Oktibbeha County Chancery Court, and "Unknown Judges, Directors, and Caseworkers, in their official and individual capacities." [1] at p. 1. The crux of that Complaint [1] was ongoing child support enforcement actions against Taylor which he believed to be improper.

On February 2, 2026, the Magistrate Judge entered a Report and Recommendation [4], wherein he recommended dismissal based upon lack of subject matter jurisdiction. In short, the Magistrate Judge pointed out that Taylor's allegations concerned dissatisfaction with ongoing state court matters and that the *Rooker-Feldman* doctrine counseled against the exercise of jurisdiction in federal court. *See* [4] at p. 2-4.

Taylor filed an Objection [5] to the Report and Recommendation [4], arguing, in essence, that he is not seeking appellate review of a state court judgment. The Court, recognizing Taylor's *pro se* status, provided him an opportunity to file an amended complaint to address the concerns articulated in the Report and Recommendation [4].

Taylor timely filed an Amended Complaint [7]. In the Amended Complaint [7], he modifies the named Defendants and specifically names MDHS, Young Williams, and "unknown caseworkers, directors, and officials involved in enforcement actions, in their official capacities

for purposes of injunctive relief." [7] at p. 1. The factual allegations of the Amended Complaint

[7] and largely synonymous with the original Complaint [1]. In particular, the entirety of the

"Factual Allegations" section provides:

> 10.    Plaintiff has been subjected to ongoing child support enforcement actions in multiple Mississippi counties.

> 11.    Plaintiff was not properly served with process or given constitutionally adequate notice of proceedings that led to enforcement actions.

> 12.    Despite the lack of proper service and notice, enforcement actions have continued against Plaintiff.

> 13.    These enforcement actions include:
>    a.  Wage withholding;
>    b.  Interception of tax refunds; and
>    c.  Certification for passport denial.

> 14.    These enforcement measures are ongoing and continue to affect Plaintiff's property and liberty interests.

> 15.    Plaintiff sought relief in state court regarding due process concerns.

> 16.    At least one state court acknowledged Plaintiff's constitutional claims but declined to address them, stating it lacked jurisdiction over federal issues.

> 17.    Other state court proceedings have been continued or delayed, while enforcement actions remain active.

> 18.    As a result, Plaintiff currently lacks an adequate forum to address ongoing constitutional violations while enforcement continues.

[7] at p. 2.

He seemingly believes that these facts adequately allege a viable violation of the Fourteenth

Amendment, which he asserts pursuant to 42 U.S.C. § 1983. They do not. As the Magistrate Judge

noted in the original Report and Recommendation [4], the basis for Taylor's grievances is

dissatisfaction with state court child support proceedings. Despite indicating in his Response [5] that his claims did not constitute an attempt to subvert the state court litigation, his Amended Complaint [7], like the original Complaint [1], tries to do just that. In other words, his Amended Complaint [7] fails to rectify the problems articulated in the Report and Recommendation [4].

The Supreme Court has made clear that the *Rooker-Feldman* doctrine acts to bar federal claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). The allegations of the Amended Complaint [7] run afoul of this doctrine. For instance, Taylor complains that he has been subjected to enforcement actions while not being properly served or receiving adequate notice. He goes on to allege that he "lacks an adequate forum to address ongoing constitutional violations while enforcement continues" yet he provides no allegations even explaining what efforts he has made to pursue remedies in state court. In essence, he seeks federal court intervention in state court proceedings. This is improper.

Ultimately, "federal courts are courts of limited jurisdiction[.]" *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). This Court lacks jurisdiction to adjudicate Taylor's grievances. His Motion to Proceed *in Forma Pauperis* [2] is DENIED. All claims are DISMISSED *without prejudice*. This CASE is CLOSED.

SO ORDERED this the 28th day of May, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

3